*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 21-BG-678**

IN RE CHRISTOPHER B. SHEDLICK

**2021 DDN 181**

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 1010480**

BEFORE: Thompson* and Easterly, Associate Judges, and Ferren, Senior Judge.

**O R D E R**
(FILED— January 27, 2022)

On consideration of the certified order from the state of Virginia suspending respondent from the practice of law in that jurisdiction for a period of three months to be served consecutively to an earlier imposed suspension; this court's October 14, 2020, order suspending respondent pending resolution of this matter and directing him to show cause why reciprocal discipline should not be imposed; no response having been filed; the statement of Disciplinary Counsel wherein he requests that this court impose a substantially different discipline and require a showing of fitness for reinstatement; no response having been filed; and it appearing that respondent was previously suspended from the practice of law in this jurisdiction for a period of three months, *see In re Shedlick*, 256 A.3d 209 (D.C. 2021); and it further appearing that respondent filed his D.C. Bar R. XI, §14(g) affidavit on October 14, 2021, it is

ORDERED that Christopher B. Shedlick is hereby suspended from the practice of law in the District of Columbia for a period of three months, to be served

No. 21-BG-678

consecutively to his earlier three-month suspension that began on October 14, 2021, and that reinstatement is contingent on a showing of fitness. See D.C. Bar R. XI, § 11(c)(4). Respondent's failure to comply with conditions to hire an accountant to address his extended failures to protect entrusted funds support the imposition of a fitness requirement prior to reinstatement to ensure the protection of the public. *See, e.g., In re Edwards*, 870 90, 97 (D.C. 2005) (imposing a fitness requirement where respondent failed to comply with earlier conditions established to protect the public and ensure the proper handling of entrusted funds).

## PER CURIAM

*Judge Thompson's term expired on September 4, 2021; however, she will continue to serve as an Associate Judge until her successor is confirmed. *See* D.C. Code § 11-1502 (2012 Repl.). She was qualified and appointed on October 4, 2021, to perform judicial duties as a Senior Judge and will begin her service as a Senior Judge on a date to be determined after her successor is appointed and qualifies.